# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GEOFFREY S. REISS,                          :
                          Petitioner,       :          CIVIL ACTION
                                            :
       v.                                   :          NO. 08-02259
                                            :
PENNSYLVANIA ATTORNEY                       :
GENERAL,                                    :
DISTRICT ATTORNEY OF CHESTER                :
COUNTY,                                     :
                          Respondent.       :

## Memorandum

YOHN, J.                                                    March 2, 2009

       Petitioner Geoffrey S. Reiss has filed a pro se petition for writ of habeas corpus pursuant

to 28 U.S.C. § 2254.  Petitioner is currently serving a three to six year prison sentence following

convictions for indecent assault, corruption of a minor, and endangering the welfare of a child.

Petitioner asserts that the Commonwealth obtained this conviction as a result of prosecutorial

misconduct and a "double-standard" within Pennsylvania law concerning the use of

uncorroborated testimony in trials of sexual offenses.  After conducting a de novo review of the

Report and Recommendation of United States Magistrate Judge Peter B. Scuderi, and upon

careful consideration of petitioner's objections thereto and the parties' submissions, the court

will overrule the objections, approve and adopt the Report and Recommendation, and dismiss the

petition as untimely.

## I.     Facts and Procedural History

       On March 26, 2004, following a trial before the Honorable Anthony Sarcione of the

Pennsylvania Court of Common Pleas of Chester County, a jury convicted petitioner of three

counts of indecent assault, three counts of corruption of a minor, and one count of endangering the welfare of a child.  On May 28, 2004, Judge Sarcione sentenced petitioner to a three to six year prison sentence and a subsequent four year term of probation.  Petitioner appealed his conviction claiming Judge Sarcione committed reversible error when he admitted a videotape of a police interview of a child witness pursuant to Pennsylvania's Tender Years Exception to the hearsay rule[1] and subject to that witness testifying and being available for cross-examination. (Appeal From the Order of J. of Sentence, Brief of Appellant 10.)  Petitioner claimed that admission of the videotape violated the Confrontation Clause of the 6th Amendment because he did not have the opportunity to cross examine the child witness before the Commonwealth played the videotape in court.  (*Id.* at 10-17.)  Recognizing that Reiss had an opportunity to bring the child witness back to the stand for cross-examination after presentation of the videotape, the Pennsylvania Superior Court affirmed the convictions on April 20, 2005.  *Pennsylvania v. Reiss*, No. 2243 EDA 2004, slip op. at 3 (Pa. Super. Ct. April 20, 2005), 876 A.2d 468 (table).

---

[1]  In relevant part, Pennsylvania's Tender Years Exception provides:

(a) General rule.–An out-of-court statement made by a child victim or witness, who at the time the statement was made was 12 years of age or younger, describing any of the offenses enumerated in [selected criminal statues, including sexual offenses] . . ., not otherwise admissible by statute or rule of evidence, is admissible in evidence in any criminal or civil proceeding if:

(1)    the court finds, in an in camera hearing, that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indicia of reliability; and

(2)    the child either:
(i)    testifies at the proceeding; or
(ii)    is unavailable as a witness.

42 Pa. C.S.A. § 5985.1(a) (2008).

Petitioner did not file a petition for allowance of an appeal with the Pennsylvania Supreme Court.

On July 11, 2005, petitioner collaterally attacked his conviction via a pro se petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541 *et seq.* (2008).  After Judge Sarcione granted petitioner appointment of counsel, petitioner filed an amended PCRA petition on October 14, 2005.  Petitioner contended that he received ineffective assistance of counsel because at trial his attorney failed to cross examine the child witness and because after the Superior Court decision, counsel withdrew representation without giving petitioner sufficient time to perfect an appeal.  (Amended Pet. for Relief Under Post Conviction Relief Act.)  Following an evidentiary hearing, the court denied the PCRA petition on July 12, 2006.  Petitioner appealed to the Pennsylvania Superior Court on August 14, 2006, but eighteen days later he filed a Praecipe of Discontinuance for his appeal.  On September 8, 2006, the Pennsylvania Superior Court marked the matter discontinued.

Petitioner filed a second PCRA petition, pro se, on September 8, 2006.  Petitioner claimed the court admitted the videotape of the child witness in violation of Pennsylvania Rules of Evidence 613, 804, and 901.  The PCRA court dismissed the petition as untimely on November 1, 2006 and recommended that the Pennsylvania Superior Court likewise deny petitioner's appeal because, under the PCRA the one year statute of limitations expired and no exception applied.[2]  *Commonwealth v. Reiss*, No. 5246-02, slip op. at 3-4 (Pa Ct. Com. Pl.

---

[2]  Specifically, the PCRA permits a collateral attack on a judgement of conviction within one year of the date the judgment becomes final, unless:

(i)      the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

Chester County Dec. 20, 2006).  The PCRA court also noted that even if timely, the petition

lacked merit because Pennsylvania Rule of Evidence ("PaRE") 613 does not apply to prior

inconsistent statements admitted pursuant to PaRE 803.1, such as the witness's videotaped

statements.  *Id.* at 5.  Petitioner argued to the Superior Court that his second PCRA petition was

timely because he relied on newly discovered information, specifically a potential claim under

PaRE 613.  (Appeal from the Dismissal of Appellant's [sic] PCRA, Brief for Appellant 8-9.)

Petitioner asserted that the Commonwealth improperly authenticated the videotape evidence with

testimony from the interrogating officer, not the child witness, as petitioner contended PaRE 613

required.  (*Id.*)  On July 10, 2007, the Superior Court denied petitioner's appeal explaining that

petitioner's newly discovered legal theory did not qualify as a newly discovered fact under the

exception to the one year limitation period for PCRA claims.  *Pennsylvania v. Reiss*, No. 3377

EDA 2006, slip op. at 5 (Pa. Super. Ct. July 10, 2007), 932 A.2d 261 (table).

Petitioner filed a motion for re-argument claiming that his trial constituted a miscarriage

of justice because the Commonwealth (1) impeached the credibility of its own witness and (2)

---

|     |                                                                                                                                                                                                                                            |
| --- | --- |
| (ii) | the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or |
| (iii) | the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively. |

42 Pa. C.S.A. § 9545(b)(1)(I)-(iii) (2008).  The court found that first and third exceptions did not apply to Reiss's second PCRA petition.  Furthermore, petitioner relied on the very facts used to support claims already raised on direct appeal.  Therefore, the second PCRA petition's claims did not rely on facts previously unknown to the petitioner and thus the second exception also did not apply.  Because petitioner filed the second PCRA petition more than one year after his conviction became final and none of the three exceptions applied, the petition was untimely.

denied the child witness the opportunity to explain or deny prior inconsistent statements made in the videotape interview with the police.  (Mot. for Reargument 4-7.)  The Superior Court denied petitioner's motion for re-argument on September 17, 2007, and petitioner did not file a petition for allowance of an appeal with the Pennsylvania Supreme Court.

On October 29, 2007, petitioner filed the present petition for a federal writ of habeas corpus in the United States District Court for the Middle District of Pennsylvania.[3]  Pursuant to an order from Judge Malcolm Muir, the clerk of the court for the Middle District of Pennsylvania transferred the matter to the Eastern District of Pennsylvania, a proper court for the petition.[4]  Then, as this court ordered, petitioner refiled his petition using this court's standard form, after which the court referred the matter to Magistrate Judge Peter Scuderi.  Respondent objected to the petition as untimely, and petitioner replied with a "Statement of Timeliness."  On October 29, 2008, Judge Scuderi issued a report and recommendation ("R&R") that recommended dismissal of the petition as untimely.  Petitioner then filed objections to the R&R.

## II.    Discussion

---

[3]  Respondents contend that petitioner filed his present habeas petition on May 15, 2008, the date on which the clerk effected the transfer of this case to this court.  (Answer of the Dist. Attorney of Chester County to Pet. for Writ of Habeas Corpus 18.)  The Third Circuit has held "that a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court."  *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).  Because petitioner signed his original habeas petition on October 29, 2007, the court will presume that on that same day he delivered the petition to prison officials to mail to the district court and will adopt that as the filing date for the habeas petition.

[4]  Although petitioner currently resides in the Laurel Highlands State Correctional Institution in Somerset, Pennsylvania, which is in the Western District of Pennsylvania, petitioner was convicted in Chester County, Pennsylvania, which is in this district.  *See* 28 U.S.C. § 2241(d) (2006) (stating that application for habeas corpus "may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him").

Petitioner challenges the lawfulness of his confinement on the grounds that the Commonwealth: (1) committed prosecutorial misconduct when it failed to authenticate properly a child witness's prior inconsistent statement, resulting in a miscarriage of justice; (2) illegally impeached the credibility of its own witness; and (3) improperly applied 18 Pa. C.S.A § 3106, which, according to petitioner, in his case resulted in a legal double standard.[5]  Petitioner raised the first claim in his second PCRA petition and raises the second and third claims for the first time in this habeas petition.  As discussed below, this court finds that the statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") precludes petitioner's claims, despite considerations of applicable statutory or equitable tolling.

### A.    Jurisdiction and Standard of Review

This court exercises jurisdiction over this habeas petition under 28 U.S.C. § 2254(a). Where a habeas petition has been referred to a magistrate judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), this court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b).  After conducting such a review, this court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  *Id.*

### B.    AEDPA's Statute of Limitations

The court may not consider the merits of this petition for a writ of habeas corpus, unless the petition is timely.  Generally, under AEDPA a state prisoner seeking federal habeas relief must file his habeas petition within one year of the date on which his judgment of conviction

---

[5]  Petitioner contends that under the statute inculpatory uncorroborated testimony properly formed the basis for his convictions for sexual offenses, even though exculpatory uncorroborated testimony could not have sufficed as grounds for his acquittal.

became final.  28 U.S.C. § 2244(d)(1)(A).  AEDPA also sets out several alternative start dates for the running of this one-year statutory period, the applicability of which depends on the circumstances of the case.  *Id.* § 2244(d)(1).  First, if the state creates an impediment to filing a habeas petition that is "in violation of the Constitution or laws of the United States," and if "the applicant was prevented from filing by such State action," the limitations period begins to run as soon as that impediment is removed.  *Id.* § 2244(d)(1)(B).  Second, if the petitioner relies on a constitutional right that the Supreme Court newly recognized and deemed retroactively applicable, the limitations period begins to run on the date the Supreme Court "initially recognized" the right.  *Id.* § 2244(d)(1)(C).  Finally, if the habeas petitioner bases his claim on newly discovered evidence, the limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  *Id.* § 2244(d)(1)(D).  The limitations period begins to run from the latest of the applicable starting dates.  *Id.* § 2244(d)(1).

Here, petitioner neither makes a claim of a state-created impediment to filing his petition, nor relies on a right newly-recognized and made retroactively applicable by the Supreme Court, nor bases his petition on newly discovered evidence.  Consequently, to make his petition timely, petitioner had to file his petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review."  *Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000).  The Pennsylvania Superior Court affirmed petitioner's conviction on April 20, 2005, and the time for seeking direct review ended at the close of the thirty-day period petitioner had to file a petition for allowance of appeal in the Pennsylvania Supreme Court.  *See* Pa R.A.P. 1113(a) (requiring that petitions for allowance of

7

appeal to Pennsylvania Supreme Court be filed no later than thirty days from entry of order of intermediate appellate court).  Thus, the one-year limitations period for petitioner to file a timely habeas petition began to run on May 20, 2005, making the habeas filing deadline May 20, 2006.

Regardless of the start date, the limitations period is subject to two tolling exceptions: (1) statutory tolling for the time a "properly filed" application for state post conviction review is pending in state court, 28 U.S.C. § 2244(d)(2); and (2) equitable tolling, a judicially-crafted exception.  *Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003) (citing *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999)).  Because petitioner filed the present petition on October 29, 2007, well past the initial May 20, 2006 deadline, the petition is timely only if the limitations period had been sufficiently tolled.

### C.    Statutory Tolling

Statutory tolling applies to the one-year limitations period for this petition.  AEDPA expressly tolls its one-year statute of limitations for the "time during which a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2) (emphasis added).  A state collateral petition qualifies as "properly filed," and thus while pending tolls AEDPA's statute of limitations, "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (footnote omitted); *see Swartz*, 204 F.3d at 420 (tolling the limitations period for the time during which a PCRA petition is pending).  Applicable laws include those concerning "the form of the document, *the time limits upon its delivery*, the court and office in which it must be lodged, and the requisite filing fee."  *Artuz*, 531 U.S. at 8 (emphasis added); *see Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir. 2001)

8

(petition properly filed when "submitted according to the state's procedural requirements, such as the rules governing the time and place of filing" (internal citation omitted)).

Untimely state petitions do not qualify as properly filed under AEDPA because state time limits on applications for postconviction relief constitute "condition[s] to filing." *Merritt*, 326 F.3d at 165; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling."). For the purposes of statutory tolling, the federal district court must defer to the state court's determination of whether a state postconviction petition is timely or otherwise properly filed under state law. *See Merritt*, 326 F.3d at 165-66. Consequently, "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of 2244(d)(2)." *Pace*, 544 U.S. at 414 (quoting *Carey v. Saffold*, 536 U.S. 214, 227 (2002)). For a properly filed state petition, however, the court must consider it pending under § 2244(d)(2) both during the time a state court reviews the petition and, following a decision on the petition, the time for seeking an appeal of the decision, regardless of whether the petitioner actually appeals. *Swartz*, 204 F.3d at 424.

Petitioner filed his first PCRA petition on July 11, 2005, fifty-two days after the period of direct review ended and within the one-year period for filing a PCRA petition. Because the filing of this PCRA petition complied with all procedural requirements, the court must consider it "properly filed" and toll AEDPA's one-year limitations period for the time the petition was pending. On October 8, 2006, thirty days after the Pennsylvania Superior Court marked the first PCRA petition as discontinued, petitioner's time for seeking further appeal ended, as did the period of statutory tolling, and the one year period for filing a habeas petition began to run again.

9

*See* Pa R.A.P. 1113(a).  From this point, petitioner had 313 days, or until August 18, 2007, to file a timely habeas petition.

Because the state court dismissed as untimely petitioner's second PCRA petition, it does not qualify as properly filed.  As a result, that PCRA petition does not statutorily toll the one year period for filing a habeas petition.  Because petitioner filed his habeas petition on October 29, 2007, seventy-two days after the one year period expired, petitioner filed an untimely habeas petition, the merits of which the court cannot consider unless equitable tolling applies.

### D.     Equitable Tolling

In his R&R, Judge Scuderi declined to apply equitable tolling to the one year filing period for Reiss's petition because no extraordinary circumstances prevented petitioner from timely filing.  Petitioner objects claiming two extraordinary circumstances: (1) the public defender's malfeasance in intentionally withholding arguably meritorious PCRA claims and (2) the underlying prosecutorial misconduct that led to improper admission of videotape evidence, without which, petitioner claims, he would not have been convicted.

The Third Circuit has held that equitable tolling applies to habeas petitions because AEDPA's one-year period for timely filing constitutes a statute of limitations, not a jurisdictional bar.[6]  *Miller v. N.J. State Dep't of Corrs.*, 145 F.3d 616, 617-18 (3d Cir. 1998).  "Equitable tolling is available only when the principle of equity would make the rigid application of a

---

[6]  The United States Supreme Court has not yet decided whether equitable tolling is available in the context of a federal habeas corpus petition.  *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) ("We have not decided whether § 2244(d) allows for equitable tolling . . . . [We] assume without deciding that it is [available]."); *Pace*, 544 U.S. at 418 n.8 ("We have never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations.").

limitation period unfair," *Merritt*, 326 F.3d at 168, specifically, "when the petitioner has in some extraordinary way . . . been prevented from asserting his or her rights." *Miller*, 145 F.3d at 618 (quotation omitted). Accordingly, courts should use equitable tolling sparingly, *see United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998), and apply it "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice," *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005).

The Third Circuit has set forth "two general requirements for equitable tolling: (1) that 'the petitioner has in some extraordinary way been prevented from asserting his or her rights;' and (2) that the petitioner has shown that 'he or she exercised reasonable diligence in investigating and bringing [the] claims.'" *Merritt*, 326 F.3d at 168 (quoting *Fahy*, 240 F.3d at 244); *see also Lawrence*, 549 U.S. at 336 (stating that litigant seeking equitable tolling "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" (quoting *Pace*, 544 U.S. at 418)). Applying the doctrine sparingly, the Third Circuit found that equitable tolling is appropriate in these few circumstances from other cases: (1) if the respondent has actively misled the petitioner; (2) if the petitioner has in some extraordinary way been prevented from asserting his rights; (3) if the petitioner has timely asserted his rights mistakenly in the wrong forum, *Jones*, 195 F.3d at 159; or (4) if the court has misled the petitioner regarding the steps the petitioner needs to take to preserve a claim, *Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005). *See, e.g.*, *Thomas v. Wynder*, Civil Action No. 06-0881 (MLC), 2007 U.S. Dist. LEXIS 58118, at *11 (E.D Pa. Aug. 9, 2009) (citing factors from *Jones* and *Brinson* in habeas context).

### 1.     Extraordinary Circumstances

Petitioner argues for equitable tolling based on these extraordinary circumstances.  In purposefully and knowingly concealing meritorious issues for appeal, the public defender committed malfeasance that forced petitioner to file a second PCRA petition and await its final resolution, which came after the deadline for filing a habeas petition.  As a justification for equitable tolling, the Third Circuit has determined that "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to . . . 'extraordinary' circumstances."  *Fahy*, 240 F.3d at 244; *see also Lawrence*, 549 U.S. at 336 ("Attorney miscalculation is simply not sufficient to warrant equitable tolling . . . .").  On the other hand, "sufficiently egregious attorney misconduct may constitute an extraordinary circumstance warranting equitable tolling."  *Downes v. Carroll*, 348 F. Supp. 2d 296, 303 (D. Del. 2004).  Sufficiently egregious misconduct includes: lying to a client about timely filing a pleading, *Schlueter v. Varner*, 384 F.3d 69, 76 (3d Cir. 2004) (distinguishing affirmative misrepresentation from failure to keep promise), or committing multiple and compound mistakes in representation, *Spitsyn v. Moore*, 345 F.3d 796, 801-02 (9th Cir. 2003) (noting attorney's failure to respond at all to repeated contact from client and to return client's file before filing deadline); *Baldayaque v. United States*, 338 F.3d 145, 152-53 (2nd Cir. 2003) (noting attorney's failure to file pleading as client requested, to research client's case, and to communicate with client).  Petitioner's argument fails because he presents nothing more extraordinary than, at best, "attorney error, miscalculation, inadequate research, or other mistakes," not egregious misconduct.

Petitioner argues that in preparing the first PCRA petition the public defender committed malfeasance because he failed his duty to "fully review the case and include all issues of arguable merit."  A court-appointed PCRA counsel has a duty to submit a letter to the court attesting that,

after reviewing petitioner's case and the issues petitioner seeks to present in a PCRA petition, counsel determined that those issues lack any merit, but the duty applies only when counsel seeks to withdraw. *Pennsylvania v. Finley*, 550 A.2d 213, 215 (Pa. Super. 1988) (citing *Pennsylvania v. Turner*, 544 A.2d 927, 928 (1988)). Because Reiss's public defender did not attempt to withdraw, the duty does not apply.[7] To the extent petitioner here alleges that his public defender committed egregious misconduct in failing his duty uncover or present all issues for post-conviction relief in the first PCRA petition, the argument must fail as no such duty exists.

Furthermore, petitioner provides scant evidence to support his claim that the public defender "willfully and knowingly refused to include" certain claims from the first PCRA petition. According to petitioner, after that PCRA petition failed, the public defender then told petitioner about other specific laws supporting a claim of prosecutorial misconduct. Based only on this uncorroborated recollection, petitioner speculates that in preparing his first PCRA petition the public defender must have known of other legal arguments of prosecutorial misconduct, but "purposefully withheld" them from petitioner. Alternatively and much more plausibly, even if

---

[7] Petitioner appears to argue that the court can find egregious misconduct in the extent to which the public defender exceeded merely providing "ineffective [assistance of] counsel." A PCRA petitioner has no constitutional right to assistance of counsel. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[Because] the right to appointed counsel extends to the first appeal of right, and no further, . . . a defendant has no federal constitutional right to counsel . . . when attacking a conviction that has long since become final upon exhaustion of the appellate process."). Therefore, petitioner can make any claim for ineffective assistance of counsel for representation during trial and direct appeal. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) ("[A] petitioner cannot claim constitutionally ineffective assistance of counsel in [postconviction] proceedings.").

Even if somehow petitioner could show that the duty for withdrawing PCRA attorneys applies here, this duty provides no support for petitioner's position. As the Supreme Court determined, "nothing in *Turner*[, which outlines the duty,] . . . would mandate" that appointed PCRA counsel "conduct[] a broad extra-record investigation in the hopes [of uncovering] additional issues . . . of arguable merit." *Pennsylvania v. Porter*, 728 A.2d 890, 895 (Pa. 1999).

petitioner recollects the conversation accurately, the public defender may not have considered these additional claims meritorious or may have thought of these claims after the first PCRA petition failed.[8]  Petitioner cannot arbitrarily state that the public defender "purposefully withheld" these claims from petitioner without at least some factual support.  *See Harrison v. Ryan*, Civil Action No. 06-434-GMS, slip op. at 7, 2008 WL 4377791, at *4 (D. Del. Sept. 23, 2008) (concluding that "conclusory and unsupported statement regarding counsel's alleged failure does not constitute the type of 'egregious behavior' . . . necessary to trigger equitable tolling").

Additionally, the mere act of withholding claims does not rise to misconduct and thus does not constitute an extraordinary circumstance that warrants equitable tolling, regardless of the effect petitioner claims it had on the timeliness of his habeas petition.  As noted, petitioner presents no evidence to show that the public defender affirmatively lied to petitioner.  *See Schlueter*, 384 F.3d at 76 (noting that affirmative misrepresentation constitutes malfeasance). Further, petitioner grounds his claim not on a series of errors or complete abandonment of representation, but rather entirely on one act—PCRA counsel's claimed omission of certain

---

[8]  The rulings by the Superior and PCRA Courts suggest that the public defender would have had good reason to regard as meritless the allegedly withheld claims that petitioner then raised in his second PCRA petition.  In dismissing that PCRA petition as untimely, the Superior Court noted that Reiss waived the authentication issue by either failing to raise it previously or already fully litigating the issue as part and parcel of his confrontation clause arguments, made on direct appeal and in the first PCRA petition.  *Pennsylvania v. Reiss*, No. 3377 EDA 2007, slip op. at 5 n.9 (Pa. Super. Ct. July 10, 2007).  Further, as the PCRA court noted, PaRE 613 applies to hearsay statements admitted to attack credibility, not hearsay statements admitted pursuant to an exception to hearsay, as the videotape of the child witness was.  *Pennsylvania v. Reiss*, No. 5246-02, slip op. at 5 (Pa. Ct. Com. Pl. Chester County Dec. 20, 2006).  Finally, petitioner could not have raised these claims here anyway, as both claims allege state law violations, not the stuff of a federal habeas petition, which is limited to federal constitutional or statutory violations.  28 U.S.C. § 2254.

issues.  *Cf. Ragan v. Horn*, Civil Action No. 00-2092, 2008 U.S. Dist. LEXIS 48394, at *14-16

(E.D. Pa. June 24, 2008) (finding extraordinary circumstance based on attorney misconduct that

included combination of errors and left petitioner "lost").  Finally, the mere fact that the public

defender's conduct had a connection to petitioner's delay in filing his habeas claim does not

transform this attorney error into an extraordinary circumstance to justify equitable tolling.  *See*

*Thorpe v. Wilson*, Civil Action No. 06-712, 2007 WL 128885, at *4 (E.D. Pa. Jan. 12, 2007)

(finding no extraordinary circumstance where PCRA attorney's error required petitioner to file

second PCRA petition); *Perez v. Colleran*, No. Civ. A. 04-CV-2741, 2005 WL 2649320, at *5

(E.D. Pa. Oct. 14, 2005) (finding no extraordinary circumstance where attorney misconduct

caused petitioner's delay in filing pleading).

        More importantly, petitioner does not show how the public defender's alleged conduct

prevented him from asserting his federal habeas claims.  Petitioner relies on the mistaken notion

that AEDPA's exhaustion requirements barred him from filing his habeas petition until after final

resolution of his second PCRA petition.  Indeed, under AEDPA, before raising any claim in a

habeas petition, the petitioner must exhaust available state remedies for any particular claim so

that the state court has a full opportunity to correct any constitutional error.  28 U.S.C. §

2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[T]he exhaustion doctrine is

designed to give the state courts a full and fair opportunity to resolve federal constitutional

claims before those claims are presented to the federal courts.").

        In this case, petitioner failed to exhaust state remedies for two of his current habeas

claims (regarding the prosecution's impeachment of its own witness and the alleged improper

application of 18 Pa. C.S.A. § 3106) because instead of raising them in any state proceeding, he

raises these claims for the first time here.  *See George v. Wynder*, Civil No. 3:CV-06-0358, slip op. at 10-11, 2008 WL 5047804, at *5-*6 (M.D. Pa. Nov. 21, 2008) (concluding that because petitioner raised novel issues in habeas petition, no extraordinary circumstance prevented petitioner from previously and timely pursuing those rights).  For the authentication claim, petitioner did not need to wait for final resolution of his second PCRA petition to file his habeas petition.  Instead, petitioner could have filed the habeas petition in a timely fashion, but asked for a stay and abeyance pending the exhaustion of his second PCRA petition.  *Rhines v. Weber*, 544 U.S. 269, 275-79 (2005) (permitting district courts to use "stay-and-abeyance" procedure where petitioner shows good cause); *see also Brown v. Klem*, No. Civ. A. 05-824, 2006 WL 263607, at *7 (E.D. Pa. Feb. 1, 2006) (concluding that under exhaustion requirement petitioner did not need to wait for final resolution of pending PCRA petition because petitioner could use "stay-and-abeyance" procedure).

That petitioner files his habeas petition pro se does not excuse him from knowing the proper procedure.  *See Jones*, 195 F.3d at 160 (noting pro se petitioner's lack of understanding of requirements of law is not basis for equitable tolling); *Simpson v. Snyder*, No. CIV.A. 00-737-GMS, 2002 WL 1000094, at *3 (D. Del. May 14, 2002) (concluding that petitioner's lack of legal knowledge does not constitute extraordinary circumstance for equitable tolling purposes).  Because petitioner had no reason to wait for final resolution of his second PCRA petition, any delay in filing the second PCRA petition, whether or not caused by the public defender, has no bearing on why he filed his habeas petition beyond the one-year period.  Consequently, even assuming the public defender's actions constituted misconduct, petitioner fails to demonstrate how that circumstance prevented him from filing a timely habeas petition.

16

Finally, petitioner also alleges that equitable tolling should apply based on another extraordinary circumstance: the underlying the merits of his petition. Specifically, petitioner contends that he is entitled to habeas relief because of the unlawful conduct used by the Commonwealth to secure his conviction. To the contrary, unless germane to the reason for the untimely filing, the merits of habeas petition, however valid, cannot constitute an extraordinary circumstance that warrants equitable tolling. *See Marshall v. Sch. Dist. of City of Allentown*, 657 F.2d 16, 20 (3d Cir. 1981) ("The tolling exception is not an open-ended invitation to the courts to disregard limitations periods simply because they bar what may be an otherwise meritorious cause."); *Brown*, 2006 WL 263607 at *7 (rejecting petitioner's argument that undisputedly meritorious claim constitutes extraordinary circumstance to justify equitable tolling).

### 2.    Actual Innocence

Petitioner also argues that equitable tolling should extend the one year period based on the extraordinary circumstance of his actual innocence. "The Third Circuit has not yet decided whether a claim of actual innocence may equitably toll the one-year filing period under 28 U.S.C. § 2244(d)." *McKeever v. Warden SCI-Graterford*, 486 F.3d 81, 84 n.5 (3d Cir. 2007).[9] Nevertheless, courts in this circuit have assumed that a successful actual innocence claim can satisfy the "extraordinary circumstances" requirement and justify equitable tolling, provided the

---

[9]  The courts of appeals for the Sixth and Tenth Circuits have held that an actual innocence claim may toll AEDPA's limitations period. *Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005); *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Other courts of appeals have at least suggested the possibility that an actual innocence claim may toll AEDPA's limitations period. *Felder v. Johnson*, 204 F.3d 168, 171 & n.8 (5th Cir. 2000); *Gildon v. Bowen*, 384 F.3d 883, 887 (7th Cir. 2004), cert. denied, 543 U.S. 1168 (2005); *Flanders v. Graves*, 299 F.3d 974, 978 (8th Cir. 2002). The First Circuit Court of Appeals has held that an actual innocence claim cannot toll AEDPA's limitations period. *David v. Hall*, 318 F.3d 343, 347 (1st Cir. 2003).

petitioner meets the diligence requirement. *See Horning v. Lavan*, 197 Fed. App'x 90, 94 (3d Cir. 2006) (assuming actual innocence could equitably toll AEDPA's one-year filing period if petitioner meets diligence requirement); *Eckles v. Erickson*, Civil Action No. 06-1870, slip op. at 16, 2009 WL 292585, at *7 (E.D. Pa. Feb. 5, 2009) (assuming actual innocence could trigger equitable tolling, provided petitioner meets diligence requirement).

"'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). The petitioner must present "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see Knecht v. Shannon*, 132 Fed. App'x 407, 409 (3d Cir. 2005) (applying *Schlup* standard to actual innocence claim asserted as extraordinary circumstance warranting equitable tolling). Further, the petitioner must demonstrate that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Sweger v. Chesney*, 294 F.3d 506, 522 (3d Cir. 2002) (quotation and citations omitted).

"[P]etitioner confuses the concepts of actual innocence and legal innocence." *Benjamin v. Wynder*, No. Civ. A. 07-2168, slip op. at 4, 2008 WL 243685, at *2 (E.D. Pa. Jan. 25, 2008). Petitioner contends that but for the videotape evidence, which the court illegally admitted due to prosecutorial misconduct, he would not have been convicted because the prosecution offered no other evidence and the victim testified that petitioner committed no crime. This claim contains no assertion of new reliable evidence, and petitioner does not demonstrate that no reasonable juror would find him guilty beyond a reasonable doubt. Without these elements, petitioner's argument puts forth nothing more than a challenge to how the prosecution obtained the

18

conviction—in other words to the conviction's legal sufficiency.  Because a legal insufficiency

alone does not prove actual innocence, *Bousley*, 523 U.S. at 623, petitioner's claim must fail.[10]

*See Benjamin*, slip op. at 4-5, 2008 WL 243685, at *2 (denying actual innocence claim because

petitioner "presented no new evidence casting doubt on . . . conviction" and instead "challenged

the methods by which evidence used against him was obtained").

### 3.     Reasonable diligence

Even assuming, arguendo, petitioner could make successful claim of actual innocence or

other extraordinary circumstance, equitable tolling would not apply because petitioner failed to

pursue filing his habeas petition with reasonable diligence.  "Due diligence does not require 'the

maximum feasible diligence,' but it does require reasonable diligence [under] the

circumstances."  *Schlueter*, 384 F.3d at 74.  "Mere excusable neglect is not sufficient."  *Miller*,

145 F.3d at 619.

Petitioner argues that his diligent pursuit of his state postconviction claims, in particular

those in his second PCRA petition, precluded him from filing a timely habeas petition.  As noted

above, petitioner had no need to wait until the final resolution of his second PCRA petition to file

his federal habeas petition.  Moreover, petitioner's diligent pursuit of his state remedies does not

excuse his delay in pursuing his federal rights.  *See Thorpe*, 2007 WL 128885 at *4 ("Reasonable

diligence in the filing of a second PCRA petition and appealing its dismissal do not amount to

---

[10]   Indeed, no legal argument concerning admissibility of evidence can support an actual
innocence claim.  For example, in suppression cases, violations of the Fourth Amendment do not
suffice to show actual innocence.  *See, e.g.*, *Benjamin*, slip op. at 4-5, 2008 WL 243685, at *2
(finding that Fourth Amendment claim did not show actual innocence); *Hernandez v. United
States*, No. CRIM. A. 94-60 MMS, 1998 WL 552942, at *4 (D. Del. Aug. 13, 1998) (finding
absence of factual innocence precludes review of procedurally bared Fourth Amendment claim).

reasonable diligence in filing the instant habeas petition," where petitioner could have filed habeas petition while second PCRA petition was pending.); *see also White v. Phelps*, Civil Action No. 07-740-JJF, slip op. at 9-10, 2008 WL 4327031, at *4 (D. Del. Sept. 22, 2008) (finding willingness to litigate in state court does not demonstrate diligent pursuit of federal habeas claims).

Because petitioner established neither that some extraordinary circumstance prevented him from asserting his federal habeas claims nor that he exercised reasonable diligence in pursuing these claims, petitioner has not presented a "rare situation" that justifies this court equitably tolling the one-year filing period for his habeas claims. *See LaCava*, 398 F.3d at 275. Without equitable tolling, petitioner has filed a petition beyond the limitations period of § 2244(d), and the court cannot consider the merits of the petitioner's claims, regardless of whether they have any validity.[11]

## IV.    Conclusion

For the reasons explained above, the court will dismiss as untimely the instant petition under § 2244.  Consequently, the court must also decide whether to issue a certificate of

---

[11]  The court recognizes that the result of such a limitations period may produce harsh consequences in some cases.  As the United States Supreme Court has stated:

> It goes without saying that statutes of limitations often make it impossible to enforce what were otherwise perfectly valid claims.  But that is their very purpose, and they remain as ubiquitous as the statutory rights or other rights to which they are attached or are applicable.  We should give them effect in accordance with what we can ascertain the legislative intent to have been.

*United States v. Kubrick*, 444 U.S. 111, 125 (1979).  Congress has determined that a one year limitations period applies to petitions for a writ of habeas corpus and courts have a duty to apply the law as enacted by Congress.  In this case, that duty requires the court to dismiss the defendant's petition as untimely.

appealability ("COA").  *See* Third Circuit Local Appellate Rule 22.2.  The court may issue a

COA only if the defendant "has made a substantial showing of the denial of a constitutional

right."  28 U.S.C. § 2253(c)(2).  When a federal court denies a habeas petition on procedural

grounds without reaching the underlying constitutional claims, a COA may not issue unless the

prisoner demonstrates that jurists of reason would find it debatable: (1) whether the petition

states a valid claim of the denial of a constitutional right; and (2) whether the district court was

correct in its procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

      "Where a plain procedural bar is present and the district court is correct to invoke it to

dispose of the case, a reasonable jurist could not conclude either that the district court erred in

dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.* at 484.

As explained above, even after consideration of all applicable tolling of the limitations period,

petitioner did not file his habeas petition within the one-year statutory filing period contained in

AEDPA.  As a result, the court will dismiss the petition on procedural grounds and not reach the

merits, an action no reasonable jurist could dispute.  Therefore, a certificate of appealability will

not issue.  *See Thorpe*, 2007 WL 128885 at *4 (finding that COA should not issue where habeas

petition not filed timely within one-year period of limitations under § 2244(d)(1)).

      An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GEOFFREY S. REISS,                              :
                      Petitioner,      :        CIVIL ACTION
                                     :
    v.                                       :        NO. 08-02259
                                     :
PENNSYLVANIA ATTORNEY                            :
GENERAL,                                         :
DISTRICT ATTORNEY OF CHESTER                     :
COUNTY,                                          :
                    Respondents.     :

### ORDER

And now, this 2nd day of March 2009, upon careful consideration of the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 3), the government's response (Doc. 6), petitioner's statement of timeliness (Doc. 7), the Report and Recommendation of United States Magistrate Judge Peter B. Scuderi (Doc. 9), and petitioner's objections thereto (Doc. 11), it is hereby **ORDERED** that:

1.      Petitioner's objections are **OVERRULED**.

2.      The Report and Recommendation of United States Magistrate Judge Peter B. Scuderi is **APPROVED** and **ADOPTED**.

3.      The petition for writ of habeas corpus is **DISMISSED** as untimely.

4.      The petitioner having failed to make a substantial showing of the denial of a constitutional right, there is no ground to issue a certificate of appealability, see 28 U.S.C. § 2253(c).

5.      The Clerk shall **CLOSE** this case statistically.


                                        _s/ William H Yohn Jr., Judge_
                                        William H. Yohn Jr., Judge